

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

Enrique Rodriguez and his wife and two children petition pro se for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on June 2, 2000. Petitioners were served with orders to show cause ("OSC") on August 23, 1995—less than seven years after they entered the United States in January 1989 and January 1990, respectively. At a hearing on March 13, 1997, the Immigration Judge ("IJ") denied Petitioners' applications for suspension of deportation because they had failed to meet the continuous physical presence requirement before being served with the OSCs and thus were statutorily ineligible for suspension. On appeal, the BIA affirmed.

Petitioners contend that they were eligible for suspension of deportation and challenge the BIA's decision that the "stop-time rule"—a new continuous physical

presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA")—bars such relief in their cases. Moreover, Petitioners contend that the IJ erroneously applied the stop-time rule to their cases on March 13, 1997, before IIRIRA's effective date of April 1, 1997. We agree that the IJ erred in applying the stop-time rule to Petitioners' cases before IIRIRA became effective. *Guadalupe–Cruz v. INS,* 240 F.3d 1209 (9th Cir.2001).

We therefore grant the petitions and remand to the BIA with instructions to remand to the IJ. If Petitioners pursue their suspension applications, the IJ, in determining whether Petitioners are eligible for suspension of deportation, shall: (1) apply the law as it existed on March 13, 1997; and (2) consider the current facts and Petitioners' current circumstances. *Id.*

PETITIONS GRANTED; REVERSED and REMANDED.

**Anselmo LUJAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70824.**
**Agency No. A70–918–866.**

United States Court of Appeals, Ninth Circuit.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted March 12, 2001 [1].

Decided March 28, 2001.

entered by the Board of Immigration Appeals ("BIA") on June 6, 2000. Petitioner was served with an order to show cause ("OSC") on October 27, 1994—approximately six years and ten months after he entered the United States. At a hearing on December 21, 1995, the Immigration Judge denied Petitioner's application for suspension of deportation because Petitioner had failed to establish that his deportation would result in extreme hardship. On appeal, the BIA applied the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-625—and held Petitioner was statutorily barred from suspension of deportation.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision to apply the "stop-time rule" to his case. Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Anselmo Lujan ("Petitioner") petitions for review of the final order of deportation

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.